# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| DUSTIN CURTIS BURNETTE | § | |
| | § | |
| v. | § | Case No. 4:09-CV-370 |
| | § | Judge Schneider/Judge Mazzant |
| WELLS FARGO BANK, N.A. and HSBC | § | |
| BANK USA, as TRUSTEE FOR WELLS | § | |
| FARGO ASSET SECURITIES | § | |
| CORPORATION HOME EQUITY | § | |
| ASSET-BACKED CERTIFICATES, | § | |
| SERIES 2006-1 | § | |

**MEMORANDUM ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636. On February 16, 2010, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendations that Defendants' Motion to Dismiss Plaintiff's Third Amended Original Complaint (Dkt. # 11) be granted in part and denied in part.

On March 2, 2010, Plaintiff Dustin Curtis Burnette ("Plaintiff") filed objections to the Magistrate Judge's report and recommendation. On March 15, 2010, Defendants Wells Fargo Bank, N.A. and HSBC Bank USA, N.A. filed a response.

In the report and recommendation, the Magistrate Judge properly determined that Plaintiff could not assert promissory estoppel as a defense or as a cause of action because Plaintiff did not provide facts that Defendants "promised to sign a written document that would satisfy the statute of frauds." *Ford v. City Bank of Palacios*, 44 S.W. 3d 121, 140 (Tex. App. – Corpus Christi 2001, no pet.). Because Plaintiff could not supply facts to support a claim of promissory estoppel as a cause

of action, or as a defense, the Magistrate Judge denied Plaintiff's request to amend his complaint. Now, Plaintiff argues that the Magistrate Judge erred in not considering "that Plaintiff's estoppel claim was based on 'equitable estoppel,' rather than 'promissory estoppel.'" Plaintiff asserts that "[b]ecause Defendants made false representations and intentionally concealed material facts from Plaintiff, they waived their right to sell the property under the deed of trust while Plaintiff's loan modification was being reviewed....[and] are estopped to confirm the validity of the sale."

"Unlike promissory estoppel, equitable estoppel does not lend itself to an offensive posture. *Kelly v. Rio Grande Comp. Group*, 128 S.W.3d 759, 769 (Tex. App. – El Paso 2004, no pet.)." Texas courts have found equitable estoppel to be a "defensive theory only" and "refus[e] to recognize this as a distinct cause of action separate from promissory estoppel or fraud." *Id*. (citations omitted). "It cannot be used to create a contract or a cause of action where, without an estoppel, none had existed. It must be used as a shield and not as a sword." *Watson v. Nortex Wholesale Nursery, Inc.*, 830 S.W.2d 747, 751 (Tex. App. – Tyler 1992, no writ). Therefore, Plaintiff cannot use the doctrine of equitable estoppel to establish a cause of action against Defendants.

The Court, having made a *de novo* review of the objections raised by Plaintiff, is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this Court.

It is, therefore, **ORDERED** that Defendants' Motion to Dismiss Plaintiff's Third Amended Original Complaint (Dkt. #11) is GRANTED in part and DENIED in part.

The following causes of action are dismissed: (1) Breach of Contract based upon an oral contract; (2) Negligent Misrepresentation based upon an oral contract; (3) Gross Negligence; (4) Texas Deceptive Trade Practices Act; and (5) Estoppel. Any alleged violations of the Texas Constitution and Texas Property Code are also dismissed.

**IT IS SO ORDERED.**

**SIGNED this 17th day of March, 2010.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE